DEBORAH M. SMITH
Acting United States Attorney

LARRY D. CARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: 907-271-5071
Alaska Bar No: 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00014-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| TRAVIS LON REYES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I. INTRODUCTION

A. *Summary*

This brief introduction sets forth a summary of the terms of the Plea

Agreement between TRAVIS LON REYES, the defendant and the United States.

This summary is not intended to supercede the language that follows this subsection.

The defendant agrees to waive indictment and plead guilty to Count 1 of the Information, which charges him with bank robbery in violation of Title 18 U.S.C. § 2113(a). At the time of sentencing, the defendant and the government agree that he is to receive a term of imprisonment of 30 months, followed by 18 months of in-residence substance abuse treatment in a state licensed and approved treatment facility such as The Akeela House, The Salvation Army's Clitheroe Treatment Facility in Anchorage, Alaska or Nugent's Ranch in the Mat-Su Valley, all of which offer long term substance abuse treatment with "aftercare" to follow. The parties also agree that the defendant's in-patient treatment shall be a mandatory condition of supervised release, with the understanding that at the discretion of the United States Probation Office, if the defendant's progress so warrants as reported by the treatment provider(s), the length of in-patient treatment may be terminated prior to 18 months.

### B.   *Complete Agreement*

This document contains the complete plea agreement between the United States and the defendant, TRAVIS LON REYES. **No other agreement,**

**understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska and does not bind other federal, state or local prosecuting authorities.**

The defendant and his counsel understand this plea agreement is not final until (1) it has been signed by the United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the Court has accepted defendant's guilty plea.

### C.   *Federal Rules of Criminal Procedure*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(C). This means that the defendant may withdraw from this agreement if the Court wishes to deviate from the sentencing agreements entered into between the United States and by defense counsel with the express consent of the defendant. The parties agree that if the defendant's plea of guilty is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be free to prosecute the defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

### D. *United States Sentencing Guidelines*

This case arises out of conduct occurring after November 1, 1987 and as such is subject to calculation of an advisory sentence pursuant to the United States Sentencing Commission Guidelines (U.S.S.G.).

## II. *WHAT THE DEFENDANT AGREES TO DO*

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

### A. *Charges*

The defendant is charged by Information with one (1) count of bank robbery in violation of Title 18 U.S.C. § 2113(a). Pursuant to this written

agreement, the defendant agrees to plead guilty to, and to freely and openly acknowledge his responsibility for the acts and omissions constituting the factual basis for his plea of guilty to Count 1 of the Information.

**B.   *Agreements on Departures***

Unless specifically set forth in this plea agreement, the defendant agrees that he will not seek any downward departures (horizontal or vertical) under the U.S.S.G. or any other authority. The parties agree that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history. The defendant may argue any factors under 18 U.S.C. § 3553 which are appropriate to support the sentence agreed to by the parties herein.

**C.   *Restitution***

The parties agree that any of the $1293.10 stolen by the defendant from the Alaska USA Federal Credit Union shall be subject to a restitution order by the court at the time of sentencing, which the defendant will not contest, and the exact amount of the restitution shall be settled between the parties prior to any scheduled change of plea date.

**D.   *Fine***

The parties agree that the defendant does not have the ability to pay a

fine, and is unlikely to become able to pay any fine.

### E. *Special Assessment*

At sentencing, pursuant to 18 U.S.C. § 3013(a), the defendant will pay the special assessment fee of $100.00.

### F. *Supervised Release*

The defendant agrees to three (3) years of supervised release, with a mandatory condition of supervised release being a maximum 18 months of in-patient treatment at an Alaska licensed long-term treatment facility, to include any of the agencies mentioned in this agreement; at the discretion of the United States Probation Office, if the defendant's progress so warrants, the length of in-patient treatment may be terminated prior to 18 months.

### G. *Consequences of the Defendant's Guilty Plea*

The defendant understands that, pursuant to 21 U.S.C. § 862, any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare. The defendant also understands he will also lose his right to own or possess any firearms, his right to vote, and his right to sit on a jury.

### H. *Waivers of Appellate and Collateral Attack Rights*

The defendant understands that his plea of guilty includes and constitutes a waiver of the right to appeal the conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, in the event the Court accepts this plea agreement and imposes a sentence within its parameters, the defendant will knowingly and voluntarily waive any right to appeal the sentence, including any conditions of release, imposed under the provisions of 18 U.S.C. § 3742. Furthermore, the defendant also knowingly and voluntarily agrees to waive any right to collaterally attack the conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the Court imposes sentence; and 2) a challenge to the voluntariness of the guilty plea. The defendant agrees that if the guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to

prosecute defendant on all charges arising out of the underlying investigation for which there is probable cause.

### I. Waiver of Right to Jury Trial on Sentencing Factors.

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the Information, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose a sentence in accordance with the terms of this Plea Agreement.

### III. WHAT THE GOVERNMENT AGREES TO DO

#### A. Government's Sentencing Agreement

In exchange for the defendant's guilty plea to Count 1 of the Information, which charges him with bank robbery in violation of Title 18 U.S.C. § 2113(a), the United States agrees with the defendant to a sentence of 30 months in the custody of the Bureau of Prisons, as well as an additional and consecutive mandatory supervised release condition of up to 18 months in-patient treatment. However, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which there is probable cause.

### B. *Acceptance of Responsibility*

The United States agrees that if the defendant continues to clearly demonstrate acceptance of responsibility for his offense, then he will receive a recommendation by the United States for a 3-level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make such a recommendation or, if one has already been made, it will withdraw the recommendation.

## IV. *ADVISEMENT OF MAXIMUM PENALTIES AND CONDITIONS OF SENTENCE*

### A. *Maximum Penalties*

The maximum statutory penalties for bank robbery in violation of 18 U.S.C. § 2113(a) in Count 1 of the Information are (1) a term of imprisonment of twenty years; (2) a fine up to $250,000.00; (3) a term of supervised release of not more than three years; and (4) a special assessment of $100.00.

### B. *Costs of Imprisonment*

Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

### C. *Interest*

Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

### D. *Supervised Release*

Upon violating any condition of probation or supervised release, a further term of imprisonment equal to the period of the probation or supervised release may be imposed, with no credit for the time already spent on probation or supervised release.

### E. *Restitution*

The Court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and as previously indicated, the defendant agrees to pay any of the remaining $1293.10 that was not recovered at the time of the defendant's arrest on the instant charge.

### F. *Payments*

All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave., Box 9, Rm. 253, Anchorage, AK 99513-7564.

### V. *ADVISORY GUIDELINE APPLICATIONS AND SENTENCING AGREEMENTS*

**Count 1:**

| | |
|---|---|
| Base Offense Level (2B3.1(a)) | 20 |
| Property of a Financial Institution (2B3.1(b)(1)) | +2 |
| Adjustment For Acceptance of Responsibility | -3 |
| Total | 19 |
| Criminal History Category (estimated) | IV |
| Advisory Sentencing Range | 46 - 57 months |

A. The government and the defendant agree to a sentence of imprisonment of 30 months imprisonment in the custody of the United States Bureau of Prisons.

B. Assuming that the defendant truthfully and candidly admits his involvement and culpability in the offense set forth in Count 1 of the Information to both the Court and the probation office, the parties agree that the defendant

shall be entitled to a 3-level reduction from the base offense level pursuant to § 3E1.1.

C.  The parties agree that the amount of supervised release should be three (3) years, and that a condition of supervised release should be that the defendant spend up to 18 months in-patient treatment at a State of Alaska licensed facility similar to those outlined on page 2 of this agreement. In the event that the defendant has two or more treatment options that will place him in inpatient treatment for 18 months, the defendant's probation officer shall make the final selection. At the discretion of the United States Probation Office, if the defendant's progress so warrants, the length of in-patient treatment may be terminated prior to 18 months.

D.  The parties agree that the defendant does not have the ability to pay a fine, and is unlikely to become able to pay any fine.

## VI.  *ELEMENTS OF THE OFFENSE*

The parties agree that the charge of bank robbery in violation of 18 U.S.C. § 2113(a), as set forth in Count 1 of the Indictment, has the following elements:

*First,*        The defendant took money belonging to a financial institution;

  ***Second***, The defendant used force and violence, or intimidation in doing so;

  ***Third***, The deposits of the financial institution were then insured by the National Credit Union Administration Board.

## VII. *FACTUAL BASIS FOR THE PLEA*

The defendant acknowledges the truth of and stipulates to the following facts:

On or about February 4, 2006 at Anchorage, in the District of Alaska, the defendant, TRAVIS LON REYES, did by force, violence and intimidation, take from the person and presence of a bank teller, an employee of Alaska USA Federal Credit Union, 310 East Northern Lights Boulevard, Anchorage, Alaska, U.S. currency in the amount of $1293.10 belonging to and in the care, custody, control, management and possession of Alaska USA Federal Credit Union, with the funds of Alaska USA Federal Credit Union being insured by the National Credit Union Administration Board, in violation of 18 U.S. C. § 2113(a).

## VIII. *ADEQUACY OF THE AGREEMENT*

Pursuant to Sentencing Guideline Manual § 6B1.1(c), this plea agreement is appropriate in that it contemplates a sentence within the applicable advisory

guideline range and statutory requirements, at the same time taking into account the fact that the defendant's criminal history category over-represents the seriousness of his criminal history. The sentence to be imposed under the terms of this plea agreement imposes the full amount of restitution due the victim in the case. The sentence will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX.   *DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT*

I, TRAVIS LON REYES, being of sound mind and under no compulsion, threats or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my understanding of this plea agreement as follows:

A.  I wish to enter a plea of guilty to Count 1 of the Information;

B.  My attorney has explained the charge to which I am pleading guilty, the necessary elements, and the consequences of my plea.

C.  I am admitting that the allegations against me in Count 1 of the Information and the factual basis for my plea are true.

D.  I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to continue to persist in that plea, if it has already been made;

-- The right to a speedy and public trial by a jury on the issue of my guilt;

-- The right to object to the composition of the petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

    --    The right to contest the validity of any searches conducted on my property or person.

E.    I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case as long as the Court imposes a sentence within the parameters of this agreement. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel--based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the Court imposes the sentence--which affected either my guilty plea or the sentence imposed by the Court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges. He has investigated my case and followed up on any information and issues I have raised with her to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States

Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence in my case. We have also discussed the sentencing agreement prepared by the government contained in this agreement.

 F. I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under oath to answer questions about theses offenses. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

 G. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

 H. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the Court might impose are only estimates and do not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case. However, I also

understand that if the Court deviates from the sentencing agreements made by the parties in this case, I can withdraw my guilty plea or from this agreement.

I. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

J. This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the Court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K. I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a pleas of guilty to a one (1)

felony count of violation of Title 18, United States Code, Section § 2113(a), bank robbery.

DATED: 3-13-06

_____
TRAVIS LON REYES
Defendant


As Counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions.

If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

DATED: 3-13-2006

_____
KEVIN McCOY
Attorney for TRAVIS LON REYES

On behalf of the United States, the following accept TRAVIS LON REYES' offer to plead guilty under the terms of this plea agreement.

DATED: 3-14-06

LARRY D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

DATED: 3-14-06

DEBORAH M. SMITH
Acting United States Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: deb.smith@usdoj.gov